ARISTON REALTY CO. v. BERNSTEIN.

(Supreme Court, Appellate Term. June 30, 1908.)

1. USURY—PLEADING.

    In pleading the defense of usury, the defendant must set out the usurious contract and specify its terms and the particular facts relied upon to bring the contract within the prohibition of the statute.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Usury, §§ 279, 280.]

2. SAME—ISSUES, PROOF, AND VARIANCE.

    The allegations of an answer as to the terms of a contract alleged to be usurious and as to the particular facts relied on to bring the contract within the prohibition of the statute against usury must be proved substantially as alleged.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Usury, § 295.]

3. PAYMENT—PLEADING.

    The defense of payment is an affirmative one, and cannot be proved under a general denial.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Payment, § 158.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by the Ariston Realty Company against Harry Bernstein. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Jacob M. Schoenfeld, for appellant.

Paul M. Abrahams, for respondent.

MacLEAN, J. In this action to foreclose its lien under section 141 of the Municipal Court act (Laws 1902, p. 1533, c. 580), the plaintiffe was met by this defense in the answer of the defendant:

"That heretofore, and on or about October 1, 1905, the defendant [presumably the plaintiff] loaned the plaintiff [presumably the defendant] the sum of $50

under and in pursuance of a usurious agreement whereby the plaintiff exacted of the defendant and the defendant agreed to pay to plaintiff interest in excess of 6 per cent. per annum, and that for the loan of $50 given to the defendant the note and chattel mortgage mentioned in the complaint [presumably, "were executed," for with the word "complaint" the sentence ends abruptly].

"To sustain his defense the defendant was bound to set up in the answer the usurious contract, specifying its terms and particular facts relied upon to bring it within the prohibition of the statute, and to prove them substantially as alleged."   Moore v. Leonard, 52 Super. Ct. N. Y. S, 13.

Proving a loan of $80, $90, or $127.50, uncertain which, the defendant may hardly be said to have proved his allegation as to the contract, and that he paid his indebtedness in full was improper, as was the charge to the jury as to payment, for they may have found that fact, because the defense of payment is an affirmative defense, and one not to be interposed under a general denial.   Baker v. Loring, 92 Hun, 61, 36 N. Y. Supp. 644.   The judgment should be reversed, and the cause remanded for a new trial.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.   All concur.